**\*E-Filed 1/26/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTHA DOMINGUEZ GLUMAZ, | No. C 10-5984 RS |
| Plaintiff, | **ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| CALIFORNIA PACIFIC MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff Martha Dominguez Glumaz seeks a temporary restraining order enjoining the sale by California Pacific Medical Center ("CPMC") of its out-patient dialysis treatment center to DaVita, Inc. Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant's attorney must certify in writing "any efforts made to give notice." Fed. R. Civ. P. 65(b)(1)(B). Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary

United States District Court
For the Northern District of California

injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002).  An application for preliminary relief requires the plaintiff to "establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc*., 129 S. Ct. 365, 374 (2008).  The Ninth Circuit has clarified, however, that courts in this circuit should evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, __F.3d __, 2010 WL 3665149, *8 (9th Cir. 2010) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.")  As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other *Winter* factors, including the likelihood of irreparable harm." *Id.*

According to Glumaz' application and her Complaint, CPMC plans to sell its out-patient dialysis clinic to DaVita.  Glumaz predicts the sale will be finalized sometime near February 1, 2011, or whenever DaVita completes all licensure and accreditation hurdles required by the California Department of Public Health.  (Ex. 2.)  Glumaz is a dialysis patient who currently receives treatment from CPMC.  She appears chiefly concerned that the quality of treatment will drastically decline with the change in providers.  More specifically, Glumaz appears to argue that the sale will effectively either supply DaVita personnel with access to her medical records without her permission, or allow that company to "coerce" her into accepting treatment from a provider she would not otherwise choose.

In view of the applicable standards, Glumaz' motion is denied for the following reasons:

1.  Glumaz has not served her application for a temporary restraining order on defendants. Rule 65(b) of the Federal Rules of Civil Procedure instructs that a court may grant such relief without written or oral notice to the adverse party *only* if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss,

or damage will result to the movant before the adverse party can be heard in opposition" *and* the movant or his or her attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  Fed. R. Civ. P. 65(b)(1)(A)-(B).  There is no discussion whatsoever in Glumaz' papers of her attempts or inability to provide service and notice, nor does it appear that irreparable injury will result before defendants might be heard in opposition.

2. Based on the materials Glumaz has presented at this juncture, any finding that she has presented a "serious question" going to the merits—much less that she has demonstrated a "likelihood" of success—would be a great stretch.  Glumaz relies upon an amendment to the Social Security Act—42 U.S.C. § 1935a—for the general proposition that patients are entitled to select their health care providers.  Next, she relies on a federal regulation that conditions Medicare payments to dialysis providers on compliance with applicable federal, state and local laws.  *See* 42 C.F.R. § 494.20.  What she does not do, however, is explain exactly how CPMC's sale of its dialysis unit to DaVita actually implicates these statutes and regulations.  More plainly, even if Glumaz does not wish to receive treatment from DaVita, it is not at all clear that she would be *compelled* to accept treatment merely by way of the impending sale or that the sale itself otherwise violates any law.

Although Glumaz's application for a temporary restraining order must at this juncture be denied, the matter shall be set for a preliminary injunction hearing on **Wednesday, March 2, 2011, at 10:00 a.m.**, without prejudice to the Court's discretion to take the matter under submission without oral argument, pursuant to Civil Local Rule 7-1.  Before this may take place, Glumaz is ordered to serve a copy of both her application for a temporary restraining order as well as this Order on all named defendants.  She must do so within five days of receiving this Order.

In light of the issues identified above, Glumaz may file additional papers in support of the preliminary injunction no later than 4:00 p.m. on Wednesday, February 9, 2011.  Defendants may

No. C 10-5984 RS
ORDER

3

file any opposition no later than 4:00 p.m. on Wednesday, February 17, 2010.  No reply shall be filed unless requested by further court order.

IT IS SO ORDERED.

Dated: 1/26/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

No. C 10-5984 RS
ORDER

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Martha Dominguez Glumaz**
23 Tucker Avenue
San Francisco, CA 94134

DATED: 1/26/2011

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

No. C 10-5984 RS
ORDER